# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

NORMAN SIMMONDS,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-56

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Norman Simmonds ("Simmonds"), who is currently incarcerated at the Federal Correctional Institution in Fort Worth, Texas, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 while he was housed at the Federal Correctional Institution in Jesup, Georgia. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 12), and Simmonds filed a Response. (Doc. 18.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Simmonds' Section 2241 Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Simmonds *in forma pauperis* status on appeal.

## BACKGROUND

Simmonds pleaded guilty in the Northern District of Georgia to: conspiracy to commit access device fraud, in violation of 18 U.S.C. §§ 371 and 1029(b)(2); access device fraud, in violation of 18 U.S.C. §§ 1029(a)(2), 1029(4), and (2); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (2). (Doc. 12-5, p. 2.) Simmonds was sentenced to 102 total months' imprisonment and was ordered to pay $107,323.97 in restitution. (Id. at pp. 3–4.) On

appeal, Simmonds' appointed trial counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Eleventh Circuit Court of Appeals stated "counsel's assessment of the relative merit of the appeal is correct[ ]" and affirmed Simmonds' convictions and sentences. United States v. Simmonds, 527 F. App'x 829, 829–30 (11th Cir. 2013).

Simmonds then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Georgia. In his motion, Simmonds levied several ineffective assistance of counsel claims: 1) failing to object to the use of the 2011 version of the United States Sentencing Guidelines rather than the 2009 version; 2) permitting the court to add punishment concerning relevant conduct; 3) failing to object to the judge not independently making findings as to relevant conduct; and 4) failing to object to the "number of victims" enhancement because the evidence adduced at trial did not support this enhancement. (Doc. 12-6.) The court dismissed Simmonds' motion because he waived his right to collaterally attack his convictions and sentences as part of his plea agreement. (Docs. 12-7, 12-8.) The district court and the Eleventh Circuit denied Simmonds a certificate of appealability. (Doc. 12, p. 2.)

## DISCUSSION

In his current Petition, Simmonds contends the sentencing court "disregarded" the Sentencing Guidelines and "improperly and illegally" increased his sentence. (Doc. 1-1, p. 1.) Specifically, Simmonds asserts the Chapter Three enhancement he received was inapplicable to him, resulting in an excessive sentence.

Respondent contends that Simmonds cannot satisfy his burden of establishing entitlement to relief pursuant to Section 2255's savings clause, and his Petition should be dismissed as a result. In fact, Respondent asserts Simmonds does not even mention the savings clause in his Petition. Respondent also asserts Simmonds does not cite to any new, retroactively applicable

2

decision of the United States Supreme Court, nor does he claim Eleventh Circuit precedent foreclosed his contentions on an earlier occasion. Instead, Respondent states Simmonds only raises errors he could have raised and did raise on a previous occasion. (Doc. 12, pp. 4–5.)

## I. Whether Simmonds can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In <u>Bryant</u>, the Eleventh Circuit Court of Appeals articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. <u>Bryant</u>, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in <u>Wofford v. Scott</u>, 177 F.3d 1236 (11th Cir. 1999); <u>Gilbert v. United States</u>, 640 F.3d 1293 (11th Cir. 2011); and <u>Williams v. Warden, Federal Bureau of Prisons</u>, 713 F.3d 1332, 1343 (11th Cir. 2013)); <u>see also</u> <u>Jeanty v. Warden</u>, 757 F.3d 1283, 1285 (11th Cir. 2014); <u>Mackey v. Warden, FCC Coleman</u>, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the <u>Bryant</u> test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. <u>Bryant</u>, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. <u>Williams</u>, 713 F.3d at 1338; <u>Daniels v. Warden, FCC Coleman</u>, 538 F. App'x 850, 852 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim."). Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the

4

inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Here, Simmonds has not attempted to make any showing as to any of the five requirements to open the savings clause portal. For instance, he does not cite to any new, retroactively applicable decision of the United States Supreme Court, nor does he claim Eleventh Circuit precedent foreclosed his contentions on an earlier occasion. Consequently, he cannot use Section 2255(e)'s savings clause to attack the validity of his sentence via Section 2241.

Furthermore, "[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Body v. Taylor, No. 1:15-CV-00311-AKK, 2015 WL 1910328, at *6 (N.D. Ala. Apr. 27, 2015), *appeal dismissed* (Oct. 28, 2015) (quoting Wofford, 177 F.3d at 1245 (Cox, J., concurring specially) ("I also agree that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion."), United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion inadequate or ineffective), and Charles v. Chandler, 180 F.3d 753, 756–58 (6th Cir. 1999) (statute of limitations bar does not make Section 2255 inadequate or ineffective)).

Simmonds previously unsuccessfully brought a Section 2255 motion in the district of his conviction. It appears that, though Simmonds labels his filing a Section 2241 Petition, he is actually attempting to bring a second or successive Section 2255 motion. Pursuant to Section 2255(h):

5

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Thus, Simmonds must first seek permission from the Eleventh Circuit before filing a second Section 2255 motion.

Moreover, the savings clause of Section 2255(e) only applies where a petitioner is categorically prevented from ever proceeding with a successive 28 U.S.C. § 2255(h) motion, such as when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law. See, e.g., Bryant, 738 F.3d at 1377–78 (discussing retroactivity requirements in context of deciding whether § 2255 is inadequate or ineffective); see also In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under Section 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions"). In this case, Simmonds has available to him an actual remedy under Section 2255—specifically, the right to request permission to file a second or successive Section 2255 motion under Section 2255(h). This Court expresses no opinion on the ultimate success of such an application. However, regardless of the merits of Simmonds' arguments, Section 2255(h) clearly provides him a procedural avenue to assert those arguments. As such, he need not, and thus, cannot rely upon Section 2255(e) in an attempt to proceed with his Section 2241 Petition. See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a

successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s savings clause does not apply.").

Additionally, a Section 2255 motion is not "inadequate or ineffective" under the savings clause merely because Simmonds may be unable to comply with procedural restrictions. Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Thus, the fact that Simmonds previously brought a Section 2255 motion and faces the potential successiveness bar in Section 2255(h) does not itself render a Section 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. Similarly, the fact that Simmonds' claims could be barred by the statute of limitations does not satisfy Section 2255(e)'s savings clause. Jones, 520 F. App'x at 945. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015). Since it appears Simmonds has available to him the ability to seek permission to file a second or successive Section 2255 motion, he cannot show that Section 2255's remedy is "inadequate or ineffective" to challenge his sentence.

Consequently, the Court need not address the relative merits of Simmonds' Section 2241 Petition. Because Simmonds has not satisfied the requirements of Section 2255's savings clause,

he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Based on these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Simmonds' Section 2241 Petition.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Simmonds leave to appeal *in forma pauperis*. Though Simmonds has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Simmonds' Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Simmonds *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 12), **DISMISS** Simmonds' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Simmonds leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Simmonds and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of November, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA